IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FATIHAA CARROLL,<br><br>    Plaintiff,<br><br>v.<br><br>SIZZLING PLATTER, INC.,<br><br>    Defendant. | Civil Action No. 3:25-cv-340<br><br>**NOTICE OF REMOVAL** |

Defendant Sizzling Platter, Inc.[1] ("Defendant") files this Notice of Removal in accordance with 28 U.S.C. §§ 1331, 1367, 1441, and 1446, and hereby removes this action from the General Court of Justice, Superior Court Division, for Union County, North Carolina (the "State Court") to the United States District Court for the Western District of North Carolina. This Notice is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331. In support of this Notice of Removal, Defendant states as follows:

**PLEADINGS, PROCESS, AND ORDERS**

1. On February 24, 2025, *pro se* Plaintiff Fatihaa Carroll ("Plaintiff") filed a lawsuit in the State Court, titled *Fatihaa Carroll v. Sizzling Wings, LLC*, Case No. 25-CV-25000992-890 (the "State Court Action") alleging a North Carolina common law claim for negligence and seeking damages "in the amount of $35,000.00 plus . . . [c]ompensatory damages . . . ." On February 24, 2025, Plaintiff also filed a Petition to Proceed as Indigent and also served Defendant with a non-file-stamped copy of the Summons and Complaint.

---

[1] Plaintiff identified "Sizzling Platter, Inc." as the Defendant in her Amended Complaint. However, "Sizzling Platter, Inc." was not Plaintiff's correct employing entity. The correct employing entity was Sizzling Platter, LLC.

2. On March 1, 2025, Plaintiff filed a "Settlement Proposal" with the State Court. On March 20, 2025, Defendant filed a Motion to Dismiss Plaintiff's Complaint and served Plaintiff with a copy on March 24, 2025.

3. On April 21, 2025, Plaintiff filed a Motion for Extension of Time to respond to Defendant's Motion to Dismiss Plaintiff's Complaint, a Motion for Leave to Amend Complaint, and a Proposed Amended Complaint styled as *Fatihaa Carroll v. Sizzling Platter, Inc*.

4. Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A are true and correct copies of "all process, pleadings and orders" that have been served upon Defendant in the State Court Action and/or filed by Plaintiff with the State Court, including the Summons and Complaint, Petition to Proceed as Indigent, the "Settlement Proposal," the Motion for Extension of Time, the Motion for Leave to Amend Complaint, and the Proposed Amended Complaint.

5. Plaintiff's Amended Complaint ("Amended Complaint") purports to assert six (6) "claims," including: (1) "Hostile Work Environment (42 U.S.C. §2000e *et seq*.), Retaliation, Title VII of the Civil Rights Act of 1964, Unequal Treatment Discrimination"; (2) "North Carolina Wage and Hour Act (N.C.G.S. §95-25.1 *et seq*)"; (3) "National Labor Relations Act (NLRA) (29 U.S.C. §151 *et seq.*)"; (4) "North Carolina Occupational Safety and Health Standards (N.C.G.S. §95-126 *eq. seq.*)"; (5) "Constructive Discharge in North Carolina common law"; and (6) "Emotional Distress-Intentional Infliction of Duress".

6. On May 13, 2025, the State Court notified Plaintiff and Defendant that the State Court allowed the Amended Complaint to be filed without a hearing or order and therefore the Amended Complaint was "entered as of the 4/21/25 filing date." Accordingly, Sizzling Platter was served the Amended Complaint through the State Court's e-filing system on April 21, 2025.

7. To the best of Defendant's knowledge, no further documents from the State Court Action have been filed and/or served by Plaintiff. The attachments thereby satisfy the requirements of 28 U.S.C. § 1446(a).

## TIMELINESS OF REMOVAL

8. Pursuant to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

9. Plaintiff's initial Complaint, filed in the State Court on February 24, 2025, alleged one claim against Defendant – a North Carolina state common law claim for negligence – and alleged entitlement to $35,000.00 in damages and entitlement to "compensatory damages." Accordingly, the case initiated by Plaintiff's filing and service of the initial Complaint was not removable.

10. However, the Amended Complaint, filed, entered, and served on Defendant on April 21, 2025, alleges multiple theories of recovery pursuant to federal law, including Title VII of the Civil Rights Act of 1964 and the National Labor Relations Act, thereby making this case removable to the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1331. Therefore, this Notice of Removal is timely because it is being filed within thirty (30) days of the date of Defendant's receipt, "through service or otherwise, of a copy of an amended pleading . . . from which it may be first ascertained that the case is one which is or has become removable" under 28 U.S.C. § 1446(b)(3).

## VENUE

11. Plaintiff filed her Amended Complaint in Union County, North Carolina. Venue properly lies in the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. §§ 113(c), 1391, 1441, and 1446.

12. This is the District Court of the United States for the district embracing the place where the State Court Action is pending and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a). *See also* 28 U.S.C. § 113(c).

## JURISDICTIONAL REQUIREMENTS

13. The U.S. Supreme Court has confirmed that the notice of removal need only contain "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014) (quoting 28 U. S. C. §1446(a)). A defendant does not need to submit evidence to support a notice of removal. *Id.*

14. Noted above, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. Additionally, although Plaintiff also sets forth additional causes of action against Defendant alleging various state law claims, these claims are within the supplemental jurisdiction of this Court under the provisions of 28 U.S.C. § 1367. All of Plaintiff's claims arise from an alleged common nucleus of operative facts and the state law claims are so related to the federal claim that they form the same case or controversy. Thus, this action is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1331, 1367, and 1446.

15. As set forth below, this case meets all requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

## NOTICE TO STATE COURT AND ADVERSE PARTY

16. Pursuant to 28 U.S.C. § 1446(d), a "Notice to State Court of Filing Notice of Removal" and a copy of this Notice of Removal are being contemporaneously filed with the State

Court and served on Plaintiff. Attached as Exhibit B is a true and exact copy of the "Notice to State Court of Filing Notice of Removal" (without exhibits).

**RESERVATION OF RIGHTS**

17. In the event this Court should be inclined to remand this action, Defendant requests that the Court issue an order to show cause why the case should not be remanded, giving the parties an opportunity to present proper briefing and argument prior to any possible remand. Because a remand order is not subject to appellate review, such a procedure is appropriate.

18. Nothing in this Notice of Removal is intended to waive any defense, nor does it waive any defense.

**CONCLUSION**

WHEREFORE, please take notice that Defendant Sizzling Platter, LLC hereby removes the above-entitled action from the General Court of Justice, Superior Court Division of Union County, North Carolina to the United States District Court for the Western District of North Carolina.

Dated: May 21, 2025

*/s/ Matthew S. Brown*
Kellie A. Tabor, Bar No. 57153
ktabor@littler.com
Matthew S. Brown, Bar No. 53001
mabrown@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2025, I served the foregoing upon the following plaintiff appearing *pro se* via U.S. Mail, first class, proper postage affixed thereto and addressed as follows:

Fatihaa Carroll
815 Warren St., Apt. B2
Monroe, NC 28110
Telephone: (234) 699-0561
Email: Fatihaacarroll@gmail.com

*Pro Se Plaintiff*

/s/ Matthew S. Brown
Kellie A. Tabor, Bar No. 57153
ktabor@littler.com
Matthew S. Brown, Bar No.
mabrown@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, NC 28202
Telephone:   704.972.7000
Facsimile:   704.333.4005

*Attorneys for Defendant*